UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WALTER KRUPKA,<br><br>       Plaintiff,<br><br>  -against-<br><br>TF CORNERSTONE, INC., et al.,<br><br>       Defendants. | 19 Civ. 11577 (LGS)<br><br>OPINION & ORDER |

LORNA G. SCHOFIELD, United States District Judge:

  WHEREAS, on December 18, 2019, Plaintiff filed the Complaint, alleging that Defendants violated Title VII of the Civil Rights Act of 1964, Section 1981, the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law.  ECF 1;

  WHEREAS, on April 2, 2020, Defendants filed a motion to dismiss the Complaint or, in the alternative, to compel arbitration.  ECF 22.  Defendants contend that Plaintiff's statutory discrimination claims fall within the arbitration provisions of a collective bargaining agreement ("CBA") that governed Plaintiff's employment.  ECF 23, 26.  Plaintiff argues, among other things, that he may bring his statutory discrimination claims in federal court because the union that represents him, SEIU Local 32BJ (the "Union") chose to not assist him through the grievance and arbitration processes under the CBA.  ECF 24;

  WHEREAS, the CBA's "No Discrimination" clause states that

> [t]here shall be no discrimination against any present or future employee by reason of . . . any characteristic protected by law, including, but not limited to claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act . . . 42 U.S.C. Section 1981 . . ., the New York State Human Rights Law, the New York City Human Rights Code, or any other similar laws, rules or regulations.

ECF 22-4 at 102-03 (Art. XIX, ¶ 23(A)).  The No Discrimination clause also states that "[a]ll such claims shall be subject to the grievance and arbitration procedure (Articles V and VI) as sole and exclusive remedy for violations."  ECF 22-4 at 102-03 (Art. XIX, ¶ 23(A));

WHEREAS, the grievance and arbitration procedures in the CBA require employees to use these processes for applicable claims as long as the Union provides assistance.  Article V ("Grievance Procedure") states that grievance procedures exist "[t]o try to decide without arbitration, any issue between the parties which, under this Agreement, they must submit to the Arbitrator."  ECF 22-4 at 22 (Art. V, ¶ 1).  It also states that "no individual shall have the right to compromise or settle any claim [through grievance procedures] without the written permission of the Union."  ECF 22-4 at 22 (Art. V, ¶ 4).  Article VI ("Arbitration") gives the arbitrator "power to decide all differences arising between the parties to this Agreement as to interpretation, application or performance of any part of this Agreement, and such other issues as are expressly required to be arbitrated before the Arbitrator."  ECF 22-4 at 24 (Art. VI, ¶ 1).  It also states that only the Union or [Realty Advisory Board of Labor Relations ("RAB")] can schedule an arbitration hearing, and presumes throughout that the Union is arbitrating the claim on the employee's behalf.  ECF 22-4 at 24 (Art. VI, ¶ 2);

WHEREAS, different processes must be followed when the Union chooses not to provide assistance to an employee bringing statutory discrimination claims.  The two relevant provisions are a side letter titled "Reserved Question on Mandatory Arbitration for Statutory Discrimination Claims," *see* ECF 22-4 at 126-28, and a provision titled "No-Discrimination Protocol."  ECF 22-4 at 103-09 (Art. XIX, ¶ 23(B));

WHEREAS, the side letter defines the Reserved Question as follows: ""The Union contends that the [CBA does] not make provision for arbitration of any claims that the Union

does not choose to take to arbitration, including statutory discrimination claims, and therefore, individual employees are not barred from pursing their discrimination claims in court where the Union has declined to pursue them in arbitration.  The RAB contends that the [CBA] require[s] arbitration of all individual claims, even where the Union has declined to bring such claims to arbitration." ECF 22-4 at 126;

WHEREAS, the No-Discrimination Protocol establishes a "system of mediation and arbitration applicable to all [relevant statutory discrimination claims], whenever they arise." ECF 22-4 at 103 (Art. XIX, ¶ 23(B)(1)).  The provision describing the protocol states that "[t]he undertakings described here with respect to arbitration apply to those circumstances in which the Union has declined to arbitrate an employee's individual discrimination claim under the No Discrimination Clause of the CBA, including statutory claims." ECF 22-4 at 107 (Art. XIX, ¶ 23(B)(3));

WHEREAS, the Reserved Question side letter clarifies when the protocol applies.  It states that the No-Discrimination Protocol was established "to serve as an alternative to arbitrating the parties' disagreement on the Reserved Question" and that the parties "agree that the provisions of the No-Discrimination Protocol do not resolve the Reserved Question." ECF 22-4 at 127.  It goes on to say that "[n]either the inclusion of the No-Discrimination Protocol in the [CBA] nor the terms of the No-Discrimination Protocol shall be understood to advance either party's contention as to the meaning of the [CBA] with regard to the Reserved Question, nor will either party make any representation to the contrary." ECF 22-4 at 127.  It also, importantly, states that "[t]he parties intend that the Reserved Question may only be resolved in arbitration between them and not in any form of judicial or administrative proceeding." ECF 22-4 at 127;

WHEREAS, the No-Discrimination Protocol provision includes a section that states the following: "The RAB and the Union have established the foregoing Protocol to provide interested parties a means to rapidly resolve or hear on the merits [the relevant statutory discrimination claims] fairly.  To make this system most effective, it is a mandatory prerequisite before any bargaining unit member attempts to file [such a claim] in any court that the bargaining unit member (personally or through his or her attorney) notify in writing the RAB and the Employer that the Employee is attempting to bypass the Protocol process."  ECF 22-4 at 108-09 (Art. XIX, ¶ 23(b)(4)(a)).  The process for providing proper "Bypass Notice" is then detailed, and the CBA states that "[p]roviding the Bypass Notice is a condition precedent prior to bringing [such a claim] in any forum."  ECF 22-4 at 109 (Art. XIX, ¶ 23(b)(4)(d));

WHEREAS, federal courts have authority to enforce the terms of CBAs under the Labor Management and Relations Act (the "LMRA").  *See Whitehurst v. 1199SEIU United Healthcare Workers East*, 928 F.3d 201, 206 (2d Cir. 2019) ("Section 301 [of the LMRA] governs claims founded directly on rights created by collective-bargaining agreements.") (internal quotation omitted).  A collective bargaining agreement is a contract that "must be interpreted according to ordinary principles of contract law."  *CNH Indus. N.V. v. Reese*, 138 S. Ct. 761 (2018); *accord Cummings v. City of New York*, 302 F. Supp. 3d 511, 524 (S.D.N.Y. 2017) ("[W]hen courts interpret CBAs, traditional rules of contract interpretation apply as long as they are consistent with federal policies") (quoting *Aeronautical Indus. Dist. Lodge 91 v. United Techs. Corp.*, 230 F.3d 569, 576 (2d Cir. 2000)).  Under New York contract law, unambiguous provisions should be interpreted as written, and the contract should be interpreted as a whole.  *See Global Reinsurance Corp. of America v. Century Indemnity Co.*, 91 N.E. 3d 1186, 1192-94 (N.Y. 2017).  It is hereby

      **ORDERED** that the parties shall show cause why this case should not be stayed and Plaintiff directed to comply with the CBA requirements for bringing a claim in this Court.  By **June 2, 2020,** Plaintiff and Defendants shall file letters, not to exceed three single-spaced pages, stating their position (one letter for Plaintiff and one for Defendants).  A show cause hearing will be held on **June 4, 2020, at 10:30 A.M.**, to discuss the matter.  The parties shall call (888) 363-4749 and use Access Code 558-3333.  The conference will be cancelled if it is unnecessary.  It is further

      **ORDERED** that Defendants motion to dismiss or, in the alternative, compel arbitration is DENIED without prejudice to renewal.

      The Clerk of Court is respectfully directed to close docket no. 22.

Dated: May 22, 2020
       New York, New York

                                                        **LORNA G. SCHOFIELD**
                                                     **UNITED STATES DISTRICT JUDGE**