

# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
Tel: (215) 639-0801
Fax: (215) 639-4970
alease@karpf-law.com

June 12, 2020

**VIA ECF ONLY**
Hon. Lorna G. Schofield
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Walter Krupka v. TF Cornerstone, Inc., et al*.
      Civil Action No.: 19-11577

Dear Judge Schofield:

I represent Plaintiff in the captioned case. I write this letter pursuant to the Court's Individual Rules with respect to requesting a promotion conference regarding discovery disputes. As set forth in brief summary format *infra,* Defendants have provided deficient document request responses; refused to provide interrogatory responses pursuant to Fed. R. Civ. P. 33 notwithstanding the case management plan which says otherwise; and have refused to confirm deposition dates, despite the fact that they were requested to on multiple occasions.

   a. *Defendants' deficient document request responses.*

On February 25, 2020, Plaintiff served Defendants with document request responses. On April 10, 2020, Defendants served purported responses. *See* Exhibit A. Because such responses contained many deficiencies, Plaintiff sent an email to defense counsel highlighting same, in a good faith effort to resolve this discovery dispute. *See* Exhibit B. As can be seen, Defendants raised misplaced objections to Plaintiff's requests for his personnel file; job description; and his replacement. Most significantly, Defendants failed to provide any comparator discovery, which Plaintiff needs to establish his *prima facie* case, as well as pretext.[1]

---

[1] Defendants' response to: (i) Request No. 9 suggests that Plaintiff was allegedly terminated in part for misconduct; and (ii) Request No. 10 suggests that Plaintiff was terminated for alleged attendance issues. Yet in response to No. 16, Defendants allege that in the last 5 years, no other employee engaged in any conduct similar to Plaintiff. Surely, at least some employees engaged in misconduct or exhibited attendance concerns, in the previous 5 years. In an effort to resolve this discovery dispute, Plaintiff offered to limit this request to documentation as to anyone who received any discipline for misconduct or attendance concerns (including discipline short of termination), in the previous 3 years.


KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

### b. *Defendants' refusal to provide complete interrogatory responses.*

Defendants objected to many of Plaintiff's interrogatories to the extent that they exceeded the scope of Local Rule 33.3. However, this Court's Case Management Order clearly states: "Interrogatories ***pursuant to Fed. R. Civ. P. 33*** shall be served…." (Emphasis added). Plaintiff understands this portion of the Order to state that interrogatories, *pursuant to Fed. R. Civ. P. 33* and not limited by Local Rule 33.3, were permitted. Local Rule 33.3 states that it does not apply where the Court orders otherwise. Defendants refused to respond to Plaintiff's interrogatories as they relate to Plaintiff's: discipline; comparators; the reason for his termination; replacement; complaints; and other matters related to his claims.

### c. *Plaintiff's good faith efforts to resolve these discovery disputes.*

As noted *supra,* on April 10, 2020, Plaintiff sent the email attached as Exhibit B, in a good faith effort to resolve these discovery disputes. On April 24, 2020, the Parties conferred via telephone. Defendants stated that they were standing by their interrogatory responses and refused to supplement. As such, Plaintiff seeks a ruling that Defendants are required to respond to his interrogatories pursuant to Fed. R. Civ. P. 33, and not limited by Local Rule 33.3.

With respect to the document request deficiencies, Plaintiff has followed-up with Defendants multiple times since the April 24th telephone call. Although Defendants have been stating since April that they intended to supplement, to date, they have not provided any supplemental responses. Upon information and belief, Defendants are delaying providing discovery as they believe that their motion to compel arbitration will be granted (*see* most recent joint status letter wherein Defendants stated: "that the current discovery deadline is or will be superseded by the stay contemplated by the Court's 5/22 Order."). However, as noted by the Court during the recent order to show cause hearing, the Union/CBA dispute should not affect discovery.

### d. *Defendants' failure to confirm deposition dates.*

On May 11, 2020, Plaintiff emailed defense counsel to schedule depositions (to take place June 10th and 11th). After no response was received, Plaintiff followed up on May 15th. Defendants simply responded that the dates were not confirmed "yet." On June 4th, Plaintiff counsel emailed again to inquire whether the depositions were moving forward, but Defendants did not provide a response.

On June 8th, Plaintiff's counsel emailed defense counsel again and proposed new dates (because they refused to confirm the June 10th and 11th deposition dates). Once again, Defendants failed to respond to that email. As such, simultaneously with the instant submission, Plaintiff sent Defendants deposition notices for the new dates (June 24th and 25th). Plaintiff has real concerns that Defendants will not produce their witnesses on these dates by reason of their repeated failure to confirm dates and their apparent belief that their motion to compel arbitration will be granted.



# KARPF, KARPF & CERUTTI, P.C.

ATTORNEYS AT LAW

      For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's request for a pre-motion conference to discuss these discovery disputes. Thank you for the Court's attention to this matter. Please let me know if the Court requires any additional information.

                              Respectfully submitted,

                              **KARPF, KARPF & CERUTTI, P.C.**

                              */s/ Adam C. Lease*
                              Adam C. Lease

Enclosures

cc (via ECF):
Arthur Robb, Esq.

Defendants shall file a response to this letter that complies with the Court's Individual rules by June 18, 2020.

SO ORDERED

Dated: June 15, 2020
       New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE