```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
  WALTER KRUPKA,                              :
                             Plaintiff,       :
                                              :
              -against-                       :      19 Civ. 11577 (LGS)
                                              :
  TF CORNERSTONE, INC., et al.                :             ORDER
                             Defendants.      :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

      WHEREAS, the Complaint alleges that Plaintiff was subject to a hostile and retaliatory work environment at a non-union property and that he was then transferred to a union property where he was subject to a discriminatory termination.  ECF 1;

      WHEREAS, on May 22, 2020, after the parties had completed briefing on Defendants' motion to dismiss or, in the alternative, to compel arbitration, the Court directed the parties to attend a show cause hearing.  ECF 27.  The Court also denied Defendants' motion without prejudice to renewal.  *Id.*;

      WHEREAS, on June 4, 2020, the parties attended the telephonic hearing and were directed to submit additional briefing pertaining to the collective bargaining agreement.  *See* ECF 32.  The supplemental briefs have been timely submitted.  *See* ECF 38, 40;

      WHEREAS, the collective bargaining agreement's No Discrimination clause states that "[t]here shall be no discrimination against any present or future employee . . ."  ECF 22-4 at 102;

      WHEREAS, the collective bargaining agreement requires employees to raise discrimination claims through grievance and arbitration procedures rather than in federal court.  *See* ECF 22-4.

      WHEREAS, a collective bargaining agreement may be unenforceable as applied to an individual because it is contrary to public policy.  *See Eastern Associated Coal Corp. v. United*

*Mine Workers of America, Dist. 17*, 531 U.S. 57, 62-63 (2000).  For this exception to apply, the public policy must be "explicit, well-defined, and dominant" and it must be "ascertained by reference to positive law and not from general considerations of supposed public interest."  *Id*. at 63;

WHEREAS, the Complaint alleges that Plaintiff was transferred to the union property so that Defendants could terminate Plaintiff when his employment was governed by the collective bargaining agreement.  *See* ECF 1 at 12.  It is hereby

**ORDERED** that, to the extent they have not already done so, the parties shall undertake discovery as to the circumstances of Plaintiff's transfer to the union building, which limited discovery shall be completed within 30 days of this Order.  It is further

**ORDERED** that, by **August 19, 2020**, Defendants may renew their motion to compel arbitration, and if they do renew, shall address whether the arbitration provision in this case is unenforceable as against public policy because of the circumstances surrounding Plaintiff's transfer, including any public policy against employers manipulating the employment of individual employees to foreclose access to federal courts that is explicit, well-defined and dominant, and ascertained by reference to positive law.  Plaintiff shall respond by **September 2, 2020**.  Defendants may reply by **September 11, 2020**.  The parties shall follow the Court's individual rules regarding motions, except that the memoranda of law in support and in opposition shall not exceed 15 pages, and the reply shall not exceed 8 pages.  It is further

**ORDERED** that this order does not affect the deadlines in effect pursuant to the First Amended Case Management Plan and Scheduling Order.  ECF 33.

Dated: July 6, 2020
  New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE